UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 15-cv-01488-REB-NYW

MARVIN R. JONES,

    Plaintiff,

v.

SPECIALIZED LOAN SERVICING LLC,
a Delaware limited liability company

    Defendant.

## DEFENDANT'S ANSWER TO TITLE VII COMPLAINT

Defendant, Specialized Loan Servicing LLC, through its undersigned counsel, hereby answers the Title VII Complaint ("Complaint") [Dkt. No. 1] filed by Plaintiff Marvin. R. Jones. In response to the numbered paragraphs of the Complaint, Defendant states as follows:

### PARTIES

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of Plaintiff's Complaint, and therefore, denies the same.

2. Defendant admits that it has an office located at that address.

### JURISDICTION

3. The allegations contained in Paragraph 3 of Plaintiff's Complaint are a legal conclusion to which no response is required. To the extent a response is required,

Defendant admits Plaintiff purports to bring claims under Title VII, and admits that jurisdiction as to Plaintiff's claims against Defendant is proper in this Court.

4. Defendant admits the allegations in Paragraph 4 of Plaintiff's Complaint.

5. Defendant admits that it has an office at that location, denies that that any unlawful employment practices alleged by Plaintiff took place at that location, and denies the remaining allegations in Paragraph 5 of Plaintiff's Complaint.

6. The allegations contained in Paragraph 6 of Plaintiff's Complaint are a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies that the Court has jurisdiction over Plaintiff's claims under 29 USC § 701, the Rehabilitation Act of 1973, denies perpetrating any acts of employment discrimination or retaliation against Plaintiff, and further denies the remaining allegations in Paragraph 6 of Plaintiff's Complaint.

**ADMINISTRATIVE PROCEDURES**

7. Defendant admits that the Charge attached to Plaintiff's Complaint, which is unsigned, indicates it was filed with the Equal Employment Opportunity Commission ("EEOC") on December 31, 2012 regarding alleged discriminatory conduct by Defendant.  Defendant denies all remaining allegations in Paragraph 7 of Plaintiff's Complaint.

8. Defendant admits that the EEOC sent Plaintiff a Notice of Right to Sue letter dated April 30, 2015, which is attached to the Complaint, and lacks information sufficient to form a belief as to when Plaintiff received it and, on that basis, denies that Plaintiff received it on April 30, 2015.

## NATURE OF THE CASE

9. Defendant denies the allegations in Paragraph 9 of Plaintiff's Complaint.

10. Defendant denies the allegations in Paragraph 10 of Plaintiff's Complaint.

## FIRST CLAIM FOR RELIEF

1. Defendant admits that Plaintiff was employed with Defendant from approximately May 2007 through October 2010 and from approximately September 2011 through December 2012 but denies that Plaintiff was continuously employed by Defendant from May 2007 through December 2012. Defendant admits that Plaintiff was employed as a recovery associate when he was first hired in May 2007, and that Plaintiff was promoted to the position of a recovery supervisor in September 2008. Defendant states that Plaintiff left this position in October 2010 when he voluntarily resigned. Defendant admits that Plaintiff was rehired as a recovery associate in September 2011 and that he worked in that position until December 2012. Defendant admits that Brian Skidmore was an Assistant Vice President in Defendant's Recovery Department as of July 2010 and March 2012, admits Mr. Skidmore interviewed Plaintiff for a manager position in March 2012 and July 2010, and denies Mr. Skidmore displayed racial discrimination during either of those interview processes. Defendant admits the manager positions in March 2012 and July 2010 were filled by white males, denies they were lesser-qualified, and denies any remaining allegations in Paragraph 1

of Plaintiff's First Claim for Relief.[1]  Defendant further states that any claim arising from any action before May 6, 2012, is barred under 42 U.S.C. 2000e-5(e)(1).

## SECOND CLAIM FOR RELIEF

2. Defendant admits that Vince Bunker was a manager in Defendant's recovery department between March 2012 and Plaintiff's termination date.  Defendant admits that Plaintiff contacted Defendant's human resources department following his March 5, 2012 interview, denies Plaintiff complained of a "discriminatory" or "hostile" interview, denies Mr. Bunker or Mr. Skidmore retaliated against Plaintiff and denies all remaining allegations in Paragraph 2 of Plaintiff's Second Claim for Relief.

## THIRD CLAIM FOR RELIEF

3. Defendant admits that Plaintiff contacted Defendant's Human Resources Department following his March 5, 2012 interview and denies the remaining allegations in Paragraph 3 of Plaintiff's Third Claim for Relief.

 Defendant denies each and every allegation contained in Plaintiff's Complaint not expressly admitted above.

Defendant denies Plaintiff is entitled to any of the relief for which he prays.

## AFFIRMATIVE DEFENSES

Defendant asserts the following Affirmative Defenses without accepting any burden of proof on the matter, and in the alternative, if necessary:

---

[1] Defendant does not respond to the attachments included with Plaintiff's Complaint, as it is only required to respond to the allegations in the Complaint itself.  *See, e.g., Birinder Kaur Shankar v. Wells Fargo Bank NA*, No. 14-cv-02000-CMA-KLM, 2015 WL 870797, at *2 (D. Colo. Feb. 26, 2015) ("Plaintiff may not avoid Rule 8's requirement that he state his claims for relief in a pleading by attaching various documents to the form complaint provided by the Court."); *see also* Fed. R. Civ. P. 7; Fed. R. Civ. P. 8(a).

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims fail, in whole or in part, for failure to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to act reasonably to mitigate his damages, if any.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in part by the applicable statutes of limitations.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust his administrative remedies for all claims asserted.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are subject to statutory caps on damages.

## SIXTH AFFIRMATIVE DEFENSE

All actions taken with respect to Plaintiff's employment were taken for legitimate, non-discriminatory, non-retaliatory reasons.

## SEVENTH AFFIRMATIVE DEFENSE

The Complaint fails to state any facts that would entitle Plaintiff to a jury trial, or to recover general, compensatory, and/or punitive damages or attorneys' fees and costs from Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant would have taken the same actions and reached the same decisions regardless of Plaintiff's race.

## NINTH AFFIRMATIVE DEFENSE

Defendant effectively promulgated and maintained a policy prohibiting discrimination, and makes good faith efforts to prevent discrimination in the workplace. Accordingly, Plaintiff is not entitled to recover punitive damages.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent they are based on matters that were not included in an underlying charge of discrimination.

### ELEVENTH AFFIRMATIVE DEFENSE

To the extent that any unlawful or other wrongful acts were committed by any person(s) employed by Defendant, such acts, if any, were outside the scope of its or their authority, were neither authorized, notified, nor ordered by Defendant, nor did Defendant know or have reason to be aware of such conduct.

### TWELFTH AFFIRMATIVE DEFENSE

Defendant cannot be held liable for any unlawful act of supervisors because Defendant exercised reasonable care to prevent and properly correct any discriminatory or retaliatory behavior, and Plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities provided by Defendant or to avoid harm otherwise.

### THIRTEENTH AFFIRMATIVE DEFENSE

SLS's legitimate, non-discriminatory, non-retaliatory reasons for its actions are not pretextual and are entitled to the same-actor inference.

### FOURTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff's Complaint seeks relief for events that occurred more

than 300 days prior to the filing of the individual charge of discrimination, such relief is time barred.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part by the doctrines of waiver, estoppel, and/or laches.

Defendant reserves the right to assert additional affirmative defenses as established by the facts of this case.  Defendant will rely upon each and every defense that may become known during the course of this litigation, including during discovery, trial, or otherwise.

WHEREFORE, Defendant respectfully requests that the Court:

1. Enter judgment in Defendant's favor and against Plaintiff;

2. Dismiss Plaintiff's Complaint with prejudice in its entirety;

3. Award Defendant its reasonable costs and attorneys' fees; and

4. Award Defendant such other and further relief as the Court deems just and equitable.

Dated August 19, 2015

*s/ Jennifer S. Harpole*
Jennifer S. Harpole
LITTLER MENDELSON, P.C.
1900 Sixteenth Street, Suite 800
Denver, CO  80202
Telephone:  303.629.6200

ATTORNEYS FOR DEFENDANT
SPECIALIZED LOAN SERVICING LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of August, 2015, a true and correct copy of the foregoing **DEFENDANT'S ANSWER TO TITLE VII COMPLAINT** was filed via CM/ECF and mailed via first-class mail to the following address. The duly signed original is on file at the office of Littler Mendelson, P.C.:

Marvin J. Jones
14399 E. Grand Dr. #140
Aurora, CO 80015

*s/Douglas P. Grabowski*
Douglas P. Grabowski

Firmwide:135254044.2 070557.1000