UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 15-cv-01488-REB-NYW

MARVIN R. JONES,

Plaintiff,

v.

SPECIALIZED LOAN SERVICING LLC,
a Delaware limited liability company

Defendant.

---

**[PROPOSED] SCHEDULING ORDER**

---

**1. DATE OF CONFERENCE**
**AND APPEARANCES OF COUNSEL AND PRO SE PARTIES**

The Scheduling Conference took place on October 16, 2015, at 1:30 p.m. The parties were represented as follows:

For the Plaintiff:

Marvin R. Jones
Pro Se Plaintiff
14399 East Grand Drive #140
Aurora, CO 80015

For the Defendant:

Jennifer S. Harpole
LITTLER MENDELSON, P.C.
1900 Sixteenth Street, Suite 800
Denver, CO 80202
Telephone: 303-629-6200
Fax: 303-629-0200
jharpole@littler.com

## 2. STATEMENT OF JURISDICTION

This court has federal question jurisdiction over this action generally pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e *et seq.*, as this action involves federal questions regarding the alleged deprivation of Plaintiff's rights under Title VII.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a. **Plaintiff:** Marvin R. Jones

FIRST CLAIM FOR RELIEF

AND SUPPORTING FACTUAL ALLEGATIONS

(Please number your paragraphs and attach any necessary additional pages. Alternatively, you may attach to the complaint a copy of the charge of discrimination you submitted to the Equal Employment Opportunity Commission.)

1. I, Marvin R. Jones worked for Specialized Loan Servicing from May 2007 thru December 2012 as a Recovery Specialist along with being the Lead Supervisor for the Recovery Department from 2008 thru 2010. Racial discrimination was displayed by Brian Skidemore (Assistant Vice President at Specialized Loan Servicing – Recovery Department) during my interview process in March of 2012; as well as, my initial interview process that took place in July of 2010 in which I was passed over for the Management Position in favor of two lesser-qualified white males.

(Please see attachments provided in the initial claim: specifically pages 22 - 46 EEOC Docs which summarizes my claims)

SECOND CLAIM FOR RELIEF

AND SUPPORTING FACTUAL ALLEGATIONS

(Please number your paragraphs and attach any necessary additional pages.)

2. I, Marvin R. Jones began receiving retaliatory treatment from Vince Bunker (Manager for SLS in the Recovery Department), Brian Skidemore along with other supervisors after I reported the discriminatory hostile uncomfortable interview I experience during my Management interview in March of 2012 to Human Resources, concerning undocumented closed-door meeting in the attempt to paint me as an incompetent employee; as well as, creating a very uncomfortable work environment.

(Please see attachments provided in the initial claim: specifically pages 22 - 46 EEOC Docs which summarizes my claims)

THIRD CLAIM FOR RELIEF

AND SUPPORTING FACTUAL ALLEGATIONS

(Please number your paragraphs and attach any necessary additional pages.)

3. I, Marvin R. Jones reached out to Specialized Loan Servicing and its Human Resource Department in regards to my experiences of discrimination during my interview processes; along with, the retaliation and uncomfortable work environment. Specialized Loan Servicing and its Human Resource Department failed to protect me as an employee with a fair and unbiased workplace, which promotes on merit, ability and performance.

(Please see attachments provided in the initial claim: specifically pages 22 - 46 EEOC Docs which summarizes my claims)

b. **Defendant:**

Specialized Loan Servicing, LLC (“SLS”) denies discriminating against or

retaliating against Plaintiff in violation of Title VII, and generally denies the allegations in Plaintiff's Complaint except as specifically admitted in its Answer.

SLS hired Plaintiff as a recovery associate in May 2007, and promoted him to the position of a recovery supervisor in September 2008. He applied for a manager position in approximately July 2010 but was not chosen for the position. He never complained to SLS that he felt this selection decision was discriminatory and did not include this allegation in his EEOC Charge, which lists March 5, 2012 as the earliest date any alleged discrimination occurred. Therefore, Plaintiff has failed to exhaust administrative remedies as to any denial-of-promotion claim for the July 2010 manager position, and such a claim is time-barred. Plaintiff left his recovery supervisor position in October 2010 when he voluntarily resigned. SLS then rehired Plaintiff as a recovery associate in September 2011.

In March 2012, SLS interviewed Plaintiff for a recovery manager position. In the interview, Plaintiff was highly critical of the supervisors in the department, displaying his lack of understanding about changes that occurred in the department during the year he had not been working for SLS. Plaintiff became so antagonistic that Vice President, Recovery Brian Skidmore ended the interview. Although Plaintiff complained to the Human Resources Department that the interview was unprofessional, he never complained to SLS that he felt he had been treated differently because of his race or subjected to race discrimination during the interview or selection process for the recovery manager position. SLS selected a current supervisor for the manager position.

That selection decision was made based on the applicants' qualifications and was not in any way discriminatory or retaliatory.

Plaintiff continued to act inappropriately on the recovery department floor, including making false allegations to his co-workers that one agent was receiving special treatment, resulting in a verbal behavior discussion in June 2012. He also received a verbal discussion in June 2012 for his attendance.

On the morning of December 6, 2012, Plaintiff went into Mr. Skidmore's office, closed the door, and began complaining about an account he had lost to another recovery associate because he had failed to have any activity on the account for 90 days. Mr. Skidmore told Plaintiff that the department had followed policy in reassigning the account and that he would not reconsider the decision, which had already been approved by his supervisor and manager. Plaintiff became agitated, opened the door and left Mr. Skidmore's office, and continued yelling and complaining, causing a scene on the floor where recovery associates were working. Mr. Skidmore directed Plaintiff to go home for the day, but he went to his work station and refused to leave. He said he would not leave without going to Human Resources, and Mr. Skidmore agreed to take him to their office, but still Plaintiff would not move. Mr. Skidmore called security but they would not get involved. Eventually, Mr. Skidmore was able to escort Plaintiff to Human Resources, but Plaintiff continued to make inappropriate comments along the way.

The next day, Plaintiff met with Human Resources and Ms. Skidmore's boss, Senior Vice President of Default Operations Oscar Southall. Plaintiff admitted to

making the inappropriate comments reported by Mr. Skidmore and continued to complain about the loss of his account. Mr. Southall again reconfirmed that the reassignment followed company policy. At the end of this meeting, Plaintiff complained for the first and only time that he felt he had been discriminated against in the recovery department. When asked for details so SLS could investigate, Plaintiff declined to provide any specifics. SLS suspended Plaintiff pending its investigation into his behavior on December 6, 2012, and followed up with him by email for examples of alleged discrimination. He declined to provide any examples. On December 12, 2012, SLS discharged Plaintiff due to his inappropriate behavior on December 6, the latest in a continuing pattern of unprofessional communication by Plaintiff when he disagreed with a management decision or procedure. SLS denies any action it took against Plaintiff was discriminatory or retaliatory. SLS incorporates by reference all defenses asserted in its Answer.

## 4. UNDISPUTED FACTS

The following facts are undisputed: None.

## 5. COMPUTATION OF DAMAGES

Plaintiff:

Maximum allowed by the law.

Defendant:

Defendant is not seeking an award of damages but will seek its attorneys' fees and costs in defending this action.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. Date of Rule 26(f) meeting: October 2, 2015.

b. Names of each participant and party he/she represented.

**Marvin Jones, Pro Se Plaintiff,**

**Jennifer Harpole, Defendant Specialized Loan Servicing, LLC.**

c. Statement as to when Rule 26(a)(1) disclosures were made or will be made.

**The parties will exchange Rule 26(a)(1) disclosures on or before October 30, 2015.**

d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1). **The parties agree to a two-week extension to October 30, 2015 to exchange initial disclosures.**

e. Statement concerning any agreements to conduct informal discovery: **None.**

f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

**The parties agree to use a unified numbering system for all deposition exhibits.**

g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

**Defendant does not anticipate that the parties' claims and defenses will involve extensive electronically stored information or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form. The parties have agreed that electronically stored document**

**information will be produced in .pdf or paper format. To the extent any dispute may arise concerning disclosure of electronically stored information, the parties agree to adhere to the Federal Rules of Civil Procedure, local rules, applicable case law, and any applicable Court Orders.**

h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

**As required by Fed.R.Civ.P. 26(f)(2), the Parties have discussed the possibility of a prompt settlement or resolution of the case and have agreed to continue to engage in informal discussions.**

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

**None.**

b. Limitations which any party proposes on the length of depositions.

**Presumptive.**

c. Limitations which any party proposes on the number of requests for production and/or requests for admission.

**25 requests for production per party and 25 requests for admission per party.**

d. Other Planning or Discovery Orders.

**The parties believe they will be able to agree on protective orders as necessary.**

## 9. CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings**: December 15, 2015.**

b. Discovery Cut-off: **April 29, 2016.**

c. Dispositive Motion Deadline: **May 31, 2016.**

d. Expert Witness Disclosure

1. The parties shall identify anticipated fields of expert testimony, if any.

**Plaintiff: Plaintiff may designate experts to rebut any expert testimony.**

**Defendant: Defendant may designate experts to rebut any expert testimony disclosed by Plaintiff.**

2. Limitations which the parties propose on the use or number of expert witnesses.

**Plaintiff: Three expert witnesses per side.**

**Defendant: One expert witness per side.**

3. The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **February 29, 2016.**

4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **March 31, 2016.**

e. Identification of Persons to Be Deposed:

Deposition Schedule:

| ***Name of Deponent*** | ***Date of Deposition*** | ***Time of Deposition*** | ***Expected Length of Deposition*** |
|---|---|---|---|
| Marvin Jones | TBD | TBD | 7 hours |
| Brian Skidmore | TBD | TBD | 7 hours |
| David Rush | TBD | TBD | 2 hours |
| Deb Kaufman | TBD | TBD | 2 hours |
| Richard Parker | TBD | TBD | 2 hours |

The parties reserve the right to designate additional deponents.

f. Deadline for Interrogatories:

**The parties shall serve their final interrogatories to the opposing party no later than thirty-three (33) days before discovery cut-off date.**

g. Deadline for Requests for Production of Documents and/or Admissions:

**The parties shall serve their final Request for Production of Documents to the opposing party no later than thirty-three (33) days before the discovery cut-off date.**

**10. DATES FOR FURTHER CONFERENCES**

a. Status conferences will be held in this case at the following dates and times:

___________.

b. A final pretrial conference will be held in this case on ____________at o'clock _____m. A Final Pretrial Order shall be prepared by the parties and submitted to the

court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

**The parties disagree about the number of expert witnesses to be permitted per side.**

b. Anticipated length of trial:

**Five-day jury trial.**

c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building,103 Sheppard Drive, Durango, Colorado 81303-3439.

**None.**

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

This Scheduling Order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this _day of ______, 20___.

BY THE COURT:

______________________________
United States Magistrate Judge

APPROVED:

| | |
|---|---|
| *s/ Marvin J. Jones* | *s/ Jennifer S. Harpole* |
| Marvin J. Jones | Jennifer S. Harpole |
| 14399 E. Grand Dr. #140 | 1900 Sixteenth Street, Suite 800 |
| Aurora, CO 80015 | Denver, CO 80202 |
| | Telephone: 303-629-6200 |
| Pro Se Plaintiff | Attorney for Defendant |

Firmwide:136321301.1 078197.1005