## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Case No.  15-cv-01488-REB-NYW

MARVIN R. JONES,

        Plaintiff,

v.


SPECIALIZED LOAN SERVICING LLC,
a Delaware limited liability company

        Defendant.

---

## [PROPOSED] PROTECTIVE ORDER

---

This matter comes before the Court on the Parties' Stipulated Motion for Entry of Protective Order.  The Court has reviewed the Motion.  Pursuant to Federal Rule of Civil Procedure 26(c), as well as Federal Rule of Evidence 502(d), (e), the parties have shown good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information.  Therefore, IT IS ORDERED:

1.    This Protective Order shall apply to all documents, depositions, deposition exhibits, recorded telephone conversations, transcripts of telephone conversations, hard drives, responses to discovery requests, inspections, examinations of premises, facilities, and physical evidence, electronically stored information (including metadata) and any other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure (collectively, "Discovery Material").

2.     As used in this Protective Order, "document" is defined as provided in Federal Rule of Civil Procedure 34(a), and specifically includes electronically stored information and other data compilations.  A draft or non-identical copy is a separate document within the meaning of this term.

3.     Information designated "CONFIDENTIAL" by any party shall be information that implicates common law and statutory privacy and/or confidentiality interests such as: (a) personnel and payroll records of current or former employees of Defendant Selective Loan Servicing LLC ("SLS"); (b) SLS's trade secrets and commercial, financial, customer, or insurance information; (c) personal identifying information relating to the Plaintiff in this matter, including Plaintiff's tax returns and other financial information; (d) medical records relating to any individual party to this litigation; and (e) any other material qualifying for protection under Federal Rule of Civil Procedure 26(c).  CONFIDENTIAL information shall not be disclosed or used for any purpose except for the preparation and trial of this case and furthermore is subject to disclosure only under the terms of this Protective Order.

4.     CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed, except that such information may be disclosed to:

a.     The Court, persons employed by the Court, and stenographers transcribing the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom ("Court Personnel");

2

b.      Any named party, counsel to such parties whether or not they have entered appearances in this action, in-house counsel for corporate parties, and legal, clerical, paralegal, and secretarial staff employed or retained by outside or in-house counsel, including outside copying services;

c.      Experts or consultants retained in connection with this action;

d.      Deposition witnesses questioned by outside counsel of record for a party in connection with this action, but only to the extent necessary to assist such counsel in the prosecution or defense of this action, and provided that (i) such witness agrees to be bound by the terms of this Protective Order, or (ii) if such witness refuses and such refusal is noted on the deposition record, counsel provides the witness with a copy of this Protective Order, informs the witness and the witness acknowledges that the information to be communicated is Confidential, subject to the Protective Order in this case, may be used only in connection with that deposition and may not be communicated to any other person, that the witness is subject to the Protective Order and that any misuse of the Confidential Discovery Material will violate the Court's Protective Order and will be punishable as contempt of Court.

e.      Stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

f.      Any individual identified by a party as a person with knowledge under Federal Rule of Civil Procedure 26, but only to the extent necessary to assist Plaintiff or Defendant's counsel in the prosecution or defense of this action,

and provided that such author or recipient agrees to be bound by the terms of this Protective Order;

      g.     Mediators and Arbitrators agreed to and retained by the parties in connection with this action; and

      h.     Other persons by written agreement of the parties.

      5.     Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel, deponents, and stenographic reporters), Plaintiff and Defendant's counsel shall provide such person with a copy of this Protective Order, explain the person's obligations under the Protective Order, and obtain the person's agreement to comply with the Protective Order.

      6.     Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL" on every page containing Confidential information.  With the exception of depositions, which are discussed below in Paragraph 8, information, documents, and/or other materials unintentionally produced without a "CONFIDENTIAL" designation or produced before the Protective Order is issued, may be retroactively designated in the same manner.

      7.     Before any information is designated "CONFIDENTIAL," counsel of record for the designating party must first review the information and make a determination, in good faith, that the documents, information, and/or other materials are confidential and entitled to protection pursuant to Paragraph 3 of this Protective Order, or otherwise

entitled to protection under Federal Rule of Civil Procedure 26(c).  Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order.  Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8.    In the case of deposition or other pretrial testimony, a party can designate testimony as CONFIDENTIAL by a statement on the record by counsel, at the time the testimony to be protected is given, that said testimony is "Confidential."  Such testimony may also be designated by written notice from counsel for the Designating Party to the court reporter and counsel of record for all other parties, specifying by page and line number the material to be classified and the classification assigned.  To be effective, such notice must be sent within thirty (30) days of the date on which the Designating Party receives a copy of the transcript.  In either event, Plaintiff or Defendant's counsel shall direct the court reporter and/or counsel to affix the appropriate confidentiality stamp to any portion of the original transcript, and to that portion of all copies of the transcript, and those portions of the transcript so designated shall be deemed Confidential Discovery Material.

9.    A party may object to the designation of particular CONFIDENTIAL information by providing notice to the party designating the disputed information within

twenty (20) calendar days of production of the information.  The notice shall identify the information to which the objection is made (the "Disputed Information").  After conferring on this issue, if the parties cannot resolve the objection within ten (10) days after the time the notice is received, the Designating Party may file an appropriate motion requesting that the Court determine whether the Disputed Information should be subject to the terms of this Protective Order.  While the parties are conferring regarding the dispute and until the Court resolves the dispute, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order.  In any proceeding to change the designation of Confidential Discovery Material, the burden shall be upon the Designating Party to establish that good cause exists for the Disputed Information to be classified as CONFIDENTIAL.  If the challenging party fails to notify the Designating Party of a dispute within the twenty (20) calendar day time period prescribed above, the disputed information shall maintain its designation as CONFIDENTIAL and shall be treated as CONFIDENTIAL in accordance with this Protective Order.

10.    When filing any documents that contain information designated CONFIDENTIAL, the party filing such documents must move the Court to restrict public access to the documents, and follow all procedures for restricting access to such Confidential Discovery Material at a Level 1 restriction level pursuant to D.C.COLO.LCivR 7.2.  If the filing party does not intend to file the document under seal, the filing party shall confer with all parties' counsel concerning the filing of documents designated CONFIDENTIAL at least two (2) days before filing such documents.  Nothing in this Order will be construed to require the court to restrict any document.

11.     In the event additional parties join or are joined in this action, or additional or different counsel enter an appearance, they shall also be subject to the terms of this Protective Order, unless such Parties are granted relief from the court.

12.     Pursuant to Federal Rule of Evidence 502(d) and (e), which are incorporated herein by reference, the court orders protection of privileged and otherwise protected Discovery Material against claims of waiver (including as against third parties and in other federal, state, or administrative proceedings) as follows:

a.     If, during the course of this litigation, a Producing Party determines that it has produced privileged Discovery Material, pursuant to Federal Rule of Evidence 502(d), (e):

i.     The Producing Party may notify the Receiving Party of the inadvertent production and request the return of privileged documents. The notice shall be in writing; however, it may be delivered orally on the record at a deposition, and promptly followed up in writing.  The Producing Party's written notice will contain a log identifying the Discovery Material inadvertently produced, the privilege claimed, and the basis for the assertion of the privilege.  In the event that any portion of the Discovery Material does not contain privileged information, the Producing Party shall also provide to the Receiving Party a redacted copy of the document that omits the information that the Producing Party believes is subject to a claim of privilege.

ii.      The Receiving Party must, within ten (10) days of receiving the Producing Party's written notification described above, return, sequester, or destroy the Discovery Material and any copies, along with any notes, abstracts or compilations of the content of the privileged Discovery Material.   To the extent that Discovery Material has been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Document extracted from the database.   When privileged Discovery Material cannot be destroyed or separated, it shall not be reviewed, disclosed, or otherwise used by the Receiving Party.

b.      To the extent that the information contained in Discovery Material has already been used in or described in other documents generated or maintained by the Receiving Party prior to the date of receipt of written notice, the Receiving Party shall sequester the documents until the claim has been resolved.   If the Receiving Party disclosed the Discovery Material subject to a claim of privilege before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

c.      The Receiving Party's return, sequestration, or destruction of privileged Discovery Material as provided for in this Protective Order will not act as a waiver of the Receiving Party's right to move for the production of the returned, sequestered, or destroyed documents on the grounds that the

documents are not, in fact, subject to a viable claim of privilege.  However, the Receiving Party is prohibited and estopped from arguing that:

        i.      The disclosure or production of the Discovery Material acts as a waiver of an applicable privilege or evidentiary protection;

        ii.      The disclosure of the Discovery Material was not inadvertent;

        iii.      The Producing Party did not take reasonable steps to prevent the disclosure of the Discovery Material; or

        iv.      The Producing Party failed to take reasonable or timely steps to rectify the error.

    d.      Upon a determination by the Court that the Discovery Material is protected by the applicable privilege, and if the Discovery Material has been sequestered rather than returned or destroyed by the Receiving Party, the Discovery Material shall be returned or destroyed within ten (10) days of the Court's order (except Discovery Material stored on back-up tapes or other archival media, which shall remain subject to the terms of this Protective Order). The Court may also order the identification by the Receiving Party of privileged Discovery Material by search terms or other means.

    e.      Nothing contained in this Protective Order is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

13.     The provisions of this Protective Order shall continue to be binding throughout this action, including, without limitation, any appeals.  Within sixty (60) days after receiving notice of the entry of an order, judgment, or decree finally disposing of all litigation in which Confidential Discovery Material was disclosed, all persons having received Confidential Discovery Material shall either: (1) return the material and all copies (including summaries and excerpts) to the Producing Party or its counsel or (2) destroy all the Confidential Discovery Material at issue and certify in writing to the Designating Parties or their counsel that the destruction has occurred.  Plaintiff and counsel for the parties shall be entitled to retain proceeding papers, deposition, and hearing transcripts,  attorney work product, and copies stored on back-up tapes or other archival media that contain Confidential Discovery Material or references to Confidential Discovery Material, provided that counsel, and employees of counsel, shall not disclose to any person nor use for any purpose unrelated to this action the Confidential Discovery Material except pursuant to a court order or agreement with the Designating Party.  If counsel have provided any person listed in Paragraph 4, above (other than counsel, persons employed by counsel, Court Personnel, and stenographic reporters) with any CONFIDENTIAL information, such counsel will ensure those individuals have returned that CONFIDENTIAL information to counsel within sixty (60) days after the parties receive notice of the entry of an order, judgment or decree finally disposing of all litigation in which CONFIDENTIAL information was disclosed.

14.     If a Receiving Party is served with a subpoena, demand, or any other legal process seeking Confidential Discovery Material, that person shall give prompt written

notice, by hand or email transmission within forty-eight (48) hours of its receipt of a subpoena, demand, or legal process, to the Designating Party. The Designating Party shall be solely responsible for seeking any relief or protection from any subpoena demand or legal process seeking Confidential Discovery Material and shall also be solely responsible for its costs and attorneys' fees in any proceedings relating to the subpoena or legal process.

15.     This stipulation shall be binding on the parties upon filing with the Court, prior to its entry as a Protective Order. Should the Court not enter this stipulation as a Protective Order, it shall remain binding upon the parties until such time as the Court enters a different protective order providing substantially similar protections to those contained in this stipulation. Once entered, this Protective Order shall remain in effect during this Court's jurisdiction over this action, unless and until the Court enters a Protective Order to the contrary.

16.     This Protective Order shall not be construed as a waiver of any right to object to the authenticity, admissibility, or confidentiality of any evidence at trial nor shall it be deemed or construed as a waiver of any right to object to the furnishing of information in response to any discovery request. This Protective Order shall also not be deemed or construed as a waiver of the attorney-client privilege, work product doctrine, or any other privilege or of the rights of any party, person or entity to oppose the production of any documents or information on any grounds. Further, nothing in this Protective Order shall be construed to limit, restrict or otherwise affect the ability of any party to seek the production of documents, testimony or information from any source.

17.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

ORDERED this <u>16th</u> day of <u>November</u>, 2015.

BY THE COURT:

s/ Nina Y. Wang

_____

U.S. MAGISTRATE JUDGE

APPROVED:

| | |
|---|---|
| *s/ Marvin J. Jones* | *s/ Jennifer S. Harpole* |
| Marvin J. Jones | Jennifer S. Harpole |
| 14399 E. Grand Dr. #140 | Littler Mendelson, P.C. |
| Aurora, CO 80015 | 1900 Sixteenth Street, Suite 800 |
| Telephone: 720-690-6626 | Denver, CO 80202 |
| | Telephone: 303-629-6200 |
| | E-mail:      jharpole@littler.com |
| | |
| Pro Se Plaintiff | Attorney for Defendant Specialized Loan Servicing LLC |